## GOODWIN v. BURKE.

*(Supreme Court, General Term, First Department. July 18, 1890.)*

**1. CONTRACT—INTERPRETATION—PROVINCE OF COURT.**

In an action for breach of contract to sell railroad bonds, plaintiff claimed the number sold was 600. Defendant claimed it was 500. The evidence was conflicting, and would have supported a verdict either way. Five days after the making of the contract, which was oral, defendant gave plaintiff a written order for 60 of the bonds to be delivered on payment of "85 per cent. flat;" the order continuing: "You may also deliver him any other of said bonds, not exceeding $600,000 in all, he may take at same time." *Held,* that the court, in speaking of this order, erred in charging that defendant "delivered to the plaintiff what substantially shows the contract and its terms; * * * and, so far as the agreement between the parties is concerned, it fixes plainly the terms, the number of bonds the plaintiff was to be entitled to thereunder, which was 600."

**2. SAME.**

Nor was this error cured by the further charge: "There is a discrepancy between the parties in relation to the number of bonds which were included in this arrangement, and an explanation is offered by both the plaintiff and defendant, to be considered by you."

Appeal from circuit court, New York county.

Action by Henry J. Goodwin against Stevenson Burke. From a judgment for plaintiff, and from an order denying motion for a new trial on the minutes, also from an order denying motion for a new trial on the ground of newly-discovered evidence, defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Burton N. Harrison,* for appellant. *Edgar M. Johnson,* for respondent.

BARTLETT, J. This action is brought to recover damages for the alleged breach of a contract whereby the defendant agreed to sell certain railroad bonds to the plaintiff. The case turned on two questions: *First,* whether the number of bonds sold was 500 or 600; *secondly,* whether the bonds were sold by the defendant individually, or as president of the Columbus, Hocking Valley & Toledo Railway Company. The defendant insisted that the sale comprised only 500 bonds, and that he made it solely in behalf of the railroad corporation. Either proposition, if true, would be fatal to the plaintiff's claim; for the plaintiff admitted having received 518 bonds, or more than enough, if the contract called for only 500, and he sought to recover damages on account of the failure to deliver the 82 necessary to make up the 600, not from the Columbus, Hocking Valley & Toledo Railway Company, but from the defendant, Mr. Stevenson Burke, individually. Now, as to the proof upon the two principal questions in the case, it is sufficient to say that it would sustain a verdict either way, according to the degree of credibility which the jury might attach to the oral testimony of the several witnesses, and the inferences which they might draw from the various writings in evidence, when read in the light of the oral testimony. If, therefore, the jury had been allowed to pass upon both these questions, we should not feel at liberty to interfere with their findings as being against evidence, or without evidence to sustain them. But the question as to the number of bonds, which constituted the subject-matter of the contract, was practically withdrawn from the consideration of the jury, and decided by the court as matter of law; and this, it seems to us, was so serious an error as to call for a reversal of the judgment.

The contract was made orally in Cleveland, Ohio, on November 15, 1886. Five days later, in New York, the defendant delivered to the plaintiff a written order upon the Central Trust Company for 60 listed bonds of the Columbus, Hocking Valley & Toledo Railway Company, and the Hocking Coal &

Railroad Company, for which the order said Mr. Goodwin would pay "85 per cent. flat." The order continued: "You may also deliver him any other of said bonds, not exceeding $600,000 in all, he may take at same time." This paper, signed so shortly after the oral agreement, undoubtedly tends strongly to support the statement of the plaintiff that the number of bonds sold to him at 85 per cent. flat was 600. Still the order is not the contract, but is only evidence of what the contract was. Nor can it be deemed so conclusive as to warrant the court in taking the question of the number of the bonds from the jury, in view of the other evidence in the case tending to show that only 500 bonds were sold at the terms mentioned, notwithstanding the reference to $600,000 in the order of November 20, 1886. The learned trial judge, however, regarded this order as settling the question as to the number of bonds contemplated by the contract. He instructed the jury that on the 20th day of November the defendant "delivered to the plaintiff what substantially shows the contract and its terms, and the paper is signed in his individual name. The plaintiff took that; and, so far as the agreement between the parties is concerned, it fixes plainly the terms, the number of bonds the plaintiff was to be entitled to thereunder, which was 600." At the conclusion of the charge the counsel for the defendant excepted to so much thereof as stated that the contract related to 600 bonds, thus calling the attention of the court to the point that the jury had been so instructed as matter of law; but the instruction in this respect was in no wise modified thereafter. We think the exception was well taken. The judge had told the jury, not that it was for them to determine whether the defendant, in whatever capacity he acted, agreed to sell the plaintiff 600 bonds, but that the order of November 20, 1886, established the fact that he agreed to sell that number.

It may be urged that the effect of this statement was nullified by the language used in a subsequent portion of the charge, beginning with the words: "There is a discrepancy between the parties in relation to the number of bonds which were included in this arrangement, and an explanation is offered by both the plaintiff and defendant, to be considered by you." But nowhere in what followed were the jury told, in plain terms, that the question of the number of bonds was for them to determine; and nowhere did the court take back the explicit statement that the order of November 20, 1886, fixed the number of bonds to which the plaintiff was entitled under the agreement at 600. It is hardly possible, considering the charge as a whole, to believe that the jury could have supposed that they were at liberty to find otherwise than in favor of the plaintiff on this question; and to this extent the portion of the charge to which exception was taken was misleading, and may well have been detrimental to the defendant. The judgment should be reversed, and a new trial granted, with costs to the appellant, to abide the event. All concur.